# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In Re RELIANT ENERGY § <br> ERISA LITIGATION, § <br> § <br> § <br> This Document Relates To: All Actions § | CIVIL ACTION NO. H-02-2051 <br> (Master File) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion for Class Certification [Doc. # 159], to which the Reliant Defendants have filed their Opposition [Doc. # 173], and Plaintiffs have filed their Reply [Doc. # 179]. The Court has carefully reviewed the full record in this case. Based on this review, and the application of governing legal authorities, the Court concludes that Plaintiffs' Motion should be **granted**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order signed January 27, 2004 [Doc. # 96] and will not be repeated here. Briefly, Plaintiff Brad Kirschbaum filed this lawsuit on his own behalf and on behalf of other participants in the Reliant Energy, Inc. ("REI") "defined contribution" or "individual account" plan ("the Plan"). Plaintiffs allege that certain defendants, referred to herein as the "Reliant Defendants," breached their fiduciary

duties under the Employee Retirement Income Security Act ("ERISA") by continuing to invest Plan funds in REI stock and by continuing to include the Reliant Energy Common Stock Fund (the "REI Fund") as an investment option for participants. Plaintiffs also allege that the Reliant Defendants breached their fiduciary duties under ERISA by providing incorrect and misleading information to the Plan participants.

Plaintiffs have moved for certification of a class defined as:

> All participants in the REI Savings Plan, as amended and restated April 1, 1999, for whose individual accounts the Plan purchased and/or held shares of Reliant Energy Common Stock Fund during the period from August 2, 1999 through May 16, 2002.

The Reliant Defendants oppose class certification.

## II.   ANALYSIS

The Court may certify a class of plaintiffs under Rule 23 only if the proposed class meets the following four prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable [numerosity], (2) there are questions of law or fact common to the class [commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality], and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation].

FED. R. CIV. P. 23(a); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999), *cert. denied*, 528 U.S. 1159 (2000). Additionally, for certification of a plaintiff class pursuant to Rule 23(b)(3), there must be both predominance and

superiority. FED. R. CIV. P. 23(b)(3); *Mullen*, 186 F.3d at 623. There is predominance where questions common to the class "predominate over any questions affecting only individual members," and there is superiority where "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id*. The party seeking class certification has the burden of proof as to each requirement under Rule 23. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). The Court has "great discretion in certifying and managing a class action." *Mullen*, 186 F.3d at 624.

### A.  Numerosity

The Reliant Defendants do not challenge Plaintiffs' showing that the proposed class would include more than 12,000 Plan Participants. Clearly, the proposed class is "so numerous that joinder of all members is impracticable" and, therefore, Plaintiffs have satisfied the numerosity requirement for class certification.

### B.  Commonality

"The test for commonality is not demanding and is met 'where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Id.* at 625 (quoting *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir.1997)). In this case, there are a number of common issues, including (1) to what extent and for what activities the Reliant Defendants were

ERISA fiduciaries; (2) whether the Reliant Defendants breached any fiduciary duty they may have owed to Plaintiffs; and (3) whether the Reliant Defendants were acting in their ERISA fiduciary capacity or in their corporate capacity when they caused certain filings with the Securities and Exchange Commission ("SEC") to be provided to the Plan participants. The Reliant Defendants do not dispute that these issues are common to the class.

### C.  Typicality

"Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Id.* (internal quotations omitted). "[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman*, 280 F.3d at 562.

In this case, all members of the proposed class are participants in the REI Plan. The named Plaintiffs and the class members' are united in claiming that the Reliant Defendants owed them fiduciary duties under ERISA and that the Reliant Defendants breached those fiduciary duties. The named Plaintiffs do not assert legal or remedial theories differing from or conflicting with those of the proposed class.

The Reliant Defendants argue that the claims asserted by proposed class representative Raymond Royer are atypical because he admits that he did not read and, therefore, did not rely on the SEC filings made by REI that were distributed by reference to the Plan participants. The Reliant Defendants also assert that Royer's and Kirschbaum's claims are different from each other and from the class because Royer had all of his retirement account invested in the REI Fund, while Kirschbaum had only five percent of his account so invested. Yet Kirschbaum's and Royer's *claims* that the Reliant Defendants owed them certain fiduciary duties which they breached are the same *claims* asserted by the members of the proposed class. The test for typicality is whether the class representatives' *claims* are typical, not whether the class representatives are typical. *Stirman*, 280 F.3d at 562.

The named Plaintiffs' claims are substantially similar, if not identical, to those of the members of the proposed class. As a result, Plaintiffs have satisfied the undemanding requirement for typicality.

### D. Adequacy of Representation

"Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Id.* at 563 (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)). In determining adequacy of representation, the Court considers (1) the enthusiasm and competence of the

proposed class counsel and (2) the willingness and ability of the representatives to take an active role in the litigation and to protect the interests of class members they seek to represent. *Id.* "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen*, 186 F.3d at 625-26.

In this case, the Reliant Defendants do not challenge the competence of proposed class counsel or their zealous prosecution of Plaintiffs' claims. Instead, the Reliant Defendants challenge the adequacy of Royer and Kirschbaum as class representatives. Specifically, the Reliant Defendants argue that Royer and Kirschbaum have exercised no control over the litigation and have limited knowledge and understanding about the case. The Reliant Defendants' arguments, however, are not supported by the record.

The evidence indicates that Kirschbaum questioned counsel about their experience and expertise in class action litigation. He discussed attorneys' fees and read the written retainer agreement with his attorney. Since hiring counsel, Kirschbaum has read "everything," including all complaints filed on his behalf. He has discussed the case with his attorneys on numerous occasions, has asked questions whenever he did not understand, and has participated in settlement discussions.

During his deposition, Kirschbaum correctly answered questions regarding the proposed class period and the class allegations. He discussed with defense counsel the impact of round trip trades on REI's financial reports and explained the class theory of damages.

The evidence indicates that Kirschbaum consulted with counsel and approved the decision to dismiss certain defendants from the lawsuit. He has expended his own time and money working on the case with his attorneys, including travel to New York. When asked about his qualifications to represent the proposed class, Kirschbaum answered "I've hired competent attorneys. I've been fully engaged. I've spent a lot of my personal time. I've put a lot of effort into this on behalf of the class and I have no antagonistic interest against anyone in the class." *See* Kirschbaum Deposition, p. 199.

Similarly, Royer is actively involved in the prosecution of this case, speaking with counsel twice a month for 35-40 minutes each time. He has read the key pleadings, the Court's ruling on the Motion to Dismiss, and the experts' reports. Although Royer is not as well-informed as Kirschbaum about the intricacies of the case, he understands the core allegations that the REI Fund was an imprudent investment and that continuing to invest Plan assets in the REI Fund was a breach of the Reliant Defendants' fiduciary duties. He has a basic understanding of how round

trip trades work and how they cause a company to look "like a bigger company." *See* Royer Deposition, p. 69.

Kirschbaum and Royer have demonstrated their willingness and ability to take an active role in the prosecution of this case and to protect the interests of the class members they seek to represent. They are represented by competent counsel and are entitled to rely on counsel's advice. To require class representatives to have the level of knowledge and control suggested by the Reliant Defendants would make counsel's presence in the case superfluous. Kirschbaum and Royer are adequate representatives for the proposed class.

### E.     Predominance

"In order to 'predominate,' common issues must constitute a significant part of the individual cases." *Id.* at 626. As is set forth above, the common issues in this case include whether and to what extent the Reliant Defendants were ERISA fiduciaries, whether the Reliant Defendants breached any fiduciary duty they owed to the Plan or its participants, and whether the Reliant Defendants were acting in their ERISA fiduciary capacity when they provided certain SEC filings to the Plan participants. These common issues are "not only significant but also pivotal." *See Mullen*, 186 F.3d at 626. If the Reliant Defendants prevail on these issues, they will

prevail in the case and the individual issues will not need to be resolved. *See id.* Consequently, Plaintiffs have satisfied the predominance requirement.

### F. Superiority

"When determining whether a class action is superior to other means of adjudication courts consider: (1) the class members' interest in individually controlling their separate actions, (2) the extent and nature of existing litigation by class members concerning the same claims, (3) the desirability of concentrating the litigation in the particular forum, and (4) the likely difficulties of managing a class action." *In re Dynegy, Inc. Securities Litigation*, 226 F.R.D. 263, 270 (S.D. Tex. 2005) (citing FED. R. CIV. P. 23(b)(3)(A)-(D)). In this case, the absence of other litigation concerning these same claims indicates that the individual class members have little interest in pursuing independent actions. A class action is a superior method for adjudicating this controversy because it will promote judicial economy and avoid the duplicative litigation that would result if each Plan participant's case were tried individually. There currently appear to be no manageability problems such as complex choice-of-law issues or the need for extensive subclassing. The entire case will be tried to the Court without a jury, and may to some extent be resolved or streamlined through dispositive motions. The Court concludes that a class action is the superior method for adjudicating this dispute.

### III.  CONCLUSION AND ORDER

Plaintiffs have satisfied the Rule 23(a) prerequisites for class certification. Plaintiffs have also shown that common questions in this case predominate over questions affecting only individual members and that a class action is a superior method for resolving this controversy as required by Rule 23(b).  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Class Certification [Doc. # 159] is **GRANTED** and the Court certifies a class of plaintiffs defined as:

> All participants in the REI Savings Plan, as amended and restated April 1, 1999, for whose individual accounts the Plan purchased and/or held shares of Reliant Energy Common Stock Fund during the period from August 2, 1999 through May 16, 2002.

Signed at Houston, Texas, this **18th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge