IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re RELIANT ENERGY ERISA LITIGATION, § § § § This Document Relates To: All Actions § | CIVIL ACTION NO. H-02-2051 (Master File) |

## MEMORANDUM AND ORDER

Plaintiffs in this ERISA class action move to strike portions of the expert report of Defendants' expert Steven J. Sacher [Doc. # 150] and Defendants move to exclude the expert testimony of Plaintiffs' experts Dennis E. Logue and Mark T. Williams [Doc. # 154]. The motions have been fully briefed and are ripe for decision. The Court, having considered the parties' briefing, the applicable authorities, and all matters of record, concludes that the motions should be **denied** at this time.

## I.   THE PROFFERED EXPERTS

Plaintiffs offer Logue as an expert in pension plan management and corporate governance. Logue has over thirty years of experience in corporate governance, having served on the Board of Directors of twelve different entities. He has written books and articles on corporate pension plans. In this case, Logue offers opinions regarding Defendants' status as ERISA fiduciaries, Defendants' duties of pension

plan fiduciaries, and Defendants' breaches of their fiduciary duties. Defendants argue that Logue's opinions are not supported by specialized analysis and that his opinions usurp the Court's role as trier of fact.

Plaintiffs offer Williams as an expert in "operational risk" and risk management in the merchant energy sector, an area in which he has over fourteen years of experience. He has served as a corporate executive for a power trading company and a merchant energy company. He also served as a Senior Risk Analyst for a utility company. In this case, Williams offers the opinion that volume was a key metric used to measure the success of merchant energy trading companies such as Reliant Energy, Inc. ("REI") and, therefore, REI's desire to become a top tier power trader increased the likelihood that its employees would execute "round trip trades" solely for the purpose of increasing volume. Defendants argue that Williams's opinions are irrelevant because the actions about which he will testify – implementing incentives to increase volume in order to become a top tier power trader – were taken in REI's corporate capacity, not in its ERISA capacity. Defendants also argue that Williams's opinions regarding operational risk are unsupported by relevant evidence.

Defendants offer Sacher as an expert in ERISA law. Sacher has more than thirty years of experience as an ERISA attorney, both in government service and in private practice. He served as Associate Solicitor for the Department of Labor's Plan

Benefits Security Division with responsibility for the administration and enforcement of ERISA. In 1977, he became Special Counsel for ERISA to the United States Senate Committee on Labor and Human Resources and, in 1980, he became General Counsel of that Committee. During this time, Sacher was active in developing amendments to ERISA. Here, Sacher explains various legal issues involving ERISA and opines on the application of those legal issues to the facts in this case. Plaintiffs object to Sacher's expert report because it purports to offer expert opinions on purely legal issues.

## II.   ANALYSIS

The party offering the testimony of an expert has the burden to demonstrate that the expert has expertise and specialized knowledge about the subjects on which he opines. The offering party also must show that the expert's opinions are admissible as "relevant" and "reliable." Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702.[1] The trial

---

[1]   Rule 702 of the Federal Rules of Evidence, as effective since December 1, 2000 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

judge accordingly must determine whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57 (1999).

Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at 147; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Pipitone v. Biomatrix*, 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the testimony must be reliable and relevant. *Pipitone*, 288 F.3d at 244-45; *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner v. Westbrook*, 174 F.3d 542, 546 (5th Cir. 1999).

The Court "must ensure [that] the expert uses reliable methods to reach his opinions; and [that] those opinions [are] relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). The Supreme Court has reiterated that the expert's self-proclaimed reliability is irrelevant: "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co.,* 526 U.S. at 157 (citing *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).

"Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). This is true because the Supreme Court's principal concern in *Daubert* was to prevent jury exposure to confusing and unreliable expert testimony. *See Daubert*, 509 U.S. at 595-97. The Court as the trier of fact can evaluate expert testimony presented in connection with dispositive motions or at trial,[2] and can determine at that time whether the offered testimony is admissible and, if admissible, the appropriate weight to give that testimony.

In this case, Logue, Williams, and Sacher each clearly have specialized training and experience in the areas for which they are offered as experts. Although Plaintiffs are correct that expert opinions on legal matters are generally inadmissible, a Court sitting as the trier of fact may find expert testimony on complex legal issues such as the ERISA issues in this case very helpful and, therefore, may consider those opinions. *See, e.g., Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 101 (1st Cir. 1997). Akin to its consideration of an *amicus* brief, the Court gives the expert's opinions the weight they deserve based on the persuasiveness of the reasoning and the legal authorities on which the opinions are based. The experts' opinions on specific issues, such as whether Defendants were ERISA fiduciaries for certain

---

[2] If the case goes to trial, the evidence will be the experts' testimony and not their reports.

relevant purposes, could also prove helpful to the Court as the trier of fact if they are supported by the evidence and the relevant legal authorities, *see* FED. R. CIV. P. 702, and are not inadmissible simply because they address ultimate issues of fact. *See* FED. R. EVID. 704. Defendants correctly note that Williams's opinions regarding incentives for REI employees to engage in round trip trades are largely irrelevant *if* those actions were not taken in REI's ERISA capacity, but that issue has not yet been decided. Defendants' arguments regarding the evidentiary support for Logue's and Williams's opinions go to the weight to which the opinions are entitled, not their admissibility. Particularly in light of the non-jury nature of this case, the parties' challenges to their opponents' expert(s) are properly denied at this point. Ultimately, the Court will base its decisions on dispositive motions and at trial only on evidence that satisfies the requirements of the Federal Rules of Evidence, including the rules governing expert testimony.

### III.  **CONCLUSION AND ORDER**

Each of the proffered experts has specialized knowledge that will assist the Court as the trier of fact to understand the evidence and resolve the disputed factual issues in the case. To the extent an expert's proffered opinion testimony turns out on closer inspection of the evidence and the underlying bases for the opinion to be inadmissible, the Court will disregard that evidence when evaluating dispositive

motions and/or at trial. Additionally, at those stages of the case, the Court will determine the appropriate weight to give to each expert's admissible testimony. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Strike Certain Portions of the Expert Report of Steven J. Sacher [Doc. # 150] and Defendants' Motion to Exclude Expert Testimony of Dennis E. Logue and Mark T. Williams [Doc. # 154] are **DENIED** at this time.

SIGNED at Houston, Texas on this **19th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge