IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RELIANT ENERGY ERISA | § | Civil Action No. H-02-2051 |
| LITIGATION | § | |
| | § | |
| This Document Relates To All Actions | § | |

## **MEMORANDUM AND ORDER**

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Motion for Summary Judgment [Doc. # 153] filed by Defendants CenterPoint Energy, Inc. (formerly known as Reliant Energy, Incorporated) ("REI"), and the individual members of the REI Savings Plan Benefits Committee ("Benefits Committee"). Also pending is Plaintiffs' Motion for Partial Summary Judgment [Doc. # 149]. The Court has reviewed the thorough briefing by the parties, the full record including the REI Savings Plan documents, and the relevant legal authorities. Based on this review and its consideration of the arguments presented by counsel at the hearing on December 1, 2005, the Court **grants** Defendants' Motion and **denies** Plaintiffs' Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiffs are current and former REI employees who are participants in the REI Savings Plan. The REI Savings Plan offered participants the opportunity to contribute up to 16% of their compensation in pre-tax 401(k) contributions and/or after-tax contributions. The REI Plan offered a number of investment options in which to invest their contributions. One investment option under the REI Plan was the Reliant Energy Common Stock Fund (the "REI Stock Fund") which is comprised of REI common stock and a minimal amount of cash.

The REI Plan also contained an Employee Stock Ownership Plan ("ESOP"). Under the ESOP, the company matched between a minimum of 75% and a maximum of 125% of the first 6% of a participant's contributions to the REI Plan. The matching contributions were paid in REI stock from the ESOP, and were allocated to the REI Stock Fund. The terms of the REI Savings Plan will be discussed in more detail later in this Memorandum and Order.

In the January 2004 Memorandum and Order, the Court granted in part and denied in part Defendants' Motion to Dismiss. The moving Defendants are the only remaining Defendants in the case.

---

[1]     Additional factual background is set forth in the Court's Memorandum and Order entered January 30, 2004 ("January 2004 Opinion") [Doc. # 96].

In a Memorandum and Order entered August 18, 2005 [Doc. # 182], the Court certified a class of plaintiffs consisting of:

> All participants in the REI Savings Plan, as amended and restated April 1, 1999, for whose individual accounts the Plan purchased and/or held shares of Reliant Energy Common Stock Fund during the period from August 2, 1999 through May 16, 2002.

Notice has been given to the potential class members.

Plaintiffs allege that the REI common stock was an imprudent investment, based both on public information and non-public information,[2] and that Defendants violated their fiduciary duties under ERISA by continuing to offer REI stock (through the REI Stock Fund) as an investment option in their employees' defined contribution plans, despite REI stock being an imprudent investment.

Following an adequate time for discovery, Defendants moved for summary judgment and Plaintiffs moved for partial summary judgment. The motions have been fully briefed and are now ripe for decision.

---

[2] The non-public information to which Plaintiff refers are the widely-publicized "round-trip trades" executed by several energy traders during the 1999-2001 time frame. These round-trip trades were simultaneous purchases and sales of power or natural gas of the same volume with the same counterparty at the same price at the same delivery point. Plaintiffs allege that these transactions had the effect of artificially increasing revenues and trading volumes.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof

at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

### B. Counts I and II

In Counts I and II, Plaintiffs allege that Defendants breached their fiduciary duty by offering the REI Stock Fund as an investment option when they knew or should have known that REI stock was an imprudent investment. Count I involves information that was publicly available, while Count II relates to non-public information. Defendants argue that they did not have a fiduciary duty to remove the REI Stock Fund as an investment option or, alternatively, that their failure to remove the REI Stock Fund as an option did not breach any fiduciary duty they may have owed to Plaintiffs.

Plaintiffs asserting a breach of fiduciary duty claim under ERISA must first show that Defendants had a fiduciary duty with respect to the challenged conduct. *See Pegram v. Herdrich*, 530 U.S. 211, 216 (2000). A person is a fiduciary and has a fiduciary duty only with respect to those duties under the plan for which he has discretionary authority or control. *See Bannistor v. Ullman*, 287 F.3d 394, 401 (5th Cir. 2002); 29 U.S.C. § 1002(21)(A).

The REI Savings Plan is a profit-sharing plan and an employee stock ownership plan. *See* REI Savings Plan, Exh. A to Defendants' Motion, ¶ 1.37. The stated express purpose of the REI Savings Plan is "to invest substantial sums in Company Stock for the benefit of the Participants in the Plan." *Id.*, ¶ 5.6. Consistent with Fifth Circuit authority, the REI Savings Plan provides that REI and the Benefits Committee are fiduciaries of the Plan "only with respect to the specific responsibilities of each as described" in the Plan. *Id.*, ¶ 1.26.

The REI Savings Plan requires that the REI Stock Fund be an investment option, stating specifically that investment funds could be added or deleted "with the exception of the [REI Stock Fund]." *See* REI Savings Plan, Attachment A, p. 2. Amounts in a Participant's Employer Matching Account, ESOP Account, or Prior Plan 1999 Matching Account cannot be invested in any investment fund other than the REI Stock Fund. *See* REI Savings Plan, ¶ 8.1. The contributions to the REI Stock Fund are required to be "primarily invested and reinvested" in REI stock. *See* REI Savings Plan, Attachment A, p.1. The Plan's Statement of Investment Policy permits a cash reserve in the REI Stock Fund not to exceed 1.25% of the total value of that fund. *See* Statement of Investment Policy, Exh. K to Defendants' Motion, p. 2. The target allocation of company stock in the REI Stock Fund, however, is 100%. *Id.* at 3.

In this case, the Benefits Committee members had no discretion whether to offer the REI Stock Fund as an investment option. The Benefits Committee is required to "enforce th[e] Plan in accordance with its terms" and may make rules and regulations only to the extent they are "not inconsistent with the terms set forth" in the Plan. *See* REI Savings Plan, ¶ 2.7. They warranted that any actions they took would be "in accordance with the provisions of the Plan." *Id.*, ¶ 2.13. And, as set forth above, the Benefits Committee can delete any of the investment options *except for* the REI Stock Fund, and the Plan requires certain employer matching and other funds to be invested in the REI Stock Fund. The Benefits Committee had no discretion to do otherwise and, therefore, they did not have a fiduciary duty to delete the REI Stock Fund as an investment option or to invest employer matching funds anywhere other than the REI Stock Fund.

The REI Savings Plan does permit REI to amend or terminate the Plan.[3] Terminating the Plan or amending it to eliminate the REI Stock Fund, however, would be entirely inconsistent with the Plan's stated purpose of investing substantial sums in REI stock. REI's decisions made in connection with designing the Plan itself, including

---

[3] Plaintiffs are clear that it is not their position that Defendants should have amended or terminated the REI Savings Plan. Instead, Plaintiffs argue that Defendants had a duty to "override" the terms of the Plan. As discussed above, however, Defendants had no discretion to "override" the terms of the REI Savings Plan.

decisions whether and how to amend or terminate the Plan, do not implicate ERISA fiduciary duties. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999).[4] Indeed, Plaintiffs do not argue to the contrary.

Because the REI Savings Plan was originally designed to require the REI Stock Fund to be offered as an investment option and to require employer matching funds be invested in that fund, REI and its Benefits Committee had no discretion, and therefore no fiduciary duty, to act otherwise. Defendants are entitled to summary judgment on Counts I and II.

### C. Count III

In Count III, Plaintiffs allege that REI breached its fiduciary duty by negligently making misrepresentations in the REI filings with the Securities and Exchange Commission ("SEC"), which were incorporated by reference into the Form S-8 provided to Plan participants. Defendants argue that the SEC filings were made only in REI's corporate capacity, not in its fiduciary capacity.

---

[4] In *Hughes Aircraft*, the employer amended its defined benefit plan to provide an early retirement option and to create a new, noncontributory benefit structure for new participants. *Hughes Aircraft*, 525 U.S. at 436. The District Court had dismissed Plaintiffs' complaint, which included a breach of fiduciary duty claim. The Ninth Circuit reversed, and the United States Supreme Court reversed the Court of Appeals, holding that the employer's decision to amend the plan did not implicate ERISA fiduciary duties. *Id.* at 443-44.

Only those communications made in a fiduciary capacity are actionable under ERISA. *See Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996). A communication is fiduciary in nature only if it is made in connection with the "management" or "administration" of an ERISA plan. *See id.*; *In re Tyco International, Ltd.*, 2004 WL 2903889, * 6 (D.N.H. Dec. 2, 2004).

The Form S-8 is a registration statement which the SEC requires be filed by employers that offer their company stock to employees under an employee benefit plan. *See* 17 C.F.R. § 239.16(b)(a). The employer has no discretion whether to file the Form S-8 if it offers company stock under an ERISA plan. *See* 15 U.S.C. § 77e(a)(1). Unless the SEC filings, including the Form S-8, are disseminated to the plan participants "in a way that was meaningfully related to the Plan itself, the mere fact that the employer filed such documents is not enough to establish ERISA liability." *In re Calpine Corp. ERISA Litigation*, 2005 WL 3288469, * 10 (N.D. Cal. 2005).

In this case, there is no evidence that REI took any action other than that required by the SEC for issuers of stock. REI did not incorporate the SEC filings in the Summary Plan Description ("SPD"). REI did not encourage plan participants to read the SEC filings or to rely on them in making any investment decisions. *Cf. In re Dynegy, Inc. ERISA Litigation*, 309 F. Supp. 2d 861, 880 (S.D. Tex. 2004) (holding that defendants' decision to encourage plan participants to review SEC filings

represented a "voluntary exercise of their discretionary authority to communicate with plan participants"). There is no evidence that REI issued press releases regarding the SEC filings and the information therein. *Cf. Gee v. UnumProvident Corp.*, 2005 WL 534873, * 16 (E.D. Tenn. Jan. 13, 2005).

In this case, REI – as the issuer of stock to be provided to employees under an employee benefit plan – complied with the SEC requirement that it file a Form S-8. REI was not acting in connection with the management or administration of the REI Savings Plan and, therefore, was acting solely as the issuer of stock rather than in a fiduciary capacity. Although the Plan and its participants "plainly had the right to expect that [REI] would refrain from making material misstatements in its SEC filings," where, as here, the corporation does nothing more than comply with SEC filing requirements, "that expectation must be enforced under the securities law rather than ERISA." *See Tyco*, 2004 WL 2903889, * 6. Defendants are entitled to summary judgment on Count III, without prejudice to the securities fraud litigation which is currently pending in this judicial district.

## III.   CONCLUSION AND ORDER

For the reasons discussed above, Defendants are entitled to summary judgment on each count in Plaintiffs' complaint. Defendants do not have a fiduciary duty for areas in which they do not have any discretion. Plaintiffs' claim regarding the alleged

misrepresentations in Reliant's SEC filings are not properly the subject of this ERISA case and, instead, are to be resolved in the securities fraud litigation currently pending before another judge in this district.[5]  Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 153] is **GRANTED** and Plaintiffs' Motion for Partial Summary Judgment [Doc. # 149] is **DENIED**.  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **18th** day of **January, 2006.**

_____
Nancy F. Atlas
United States District Judge

---

[5] The parties submitted thorough and extensive briefing of other issues, such as whether Plaintiffs have standing to assert the misrepresentation claim in Count III and whether there are any presumptions or varying standards for Plaintiffs' breach of fiduciary duty claims in Counts I and II.  Based on the Court's ruling as set forth in this Memorandum and Order, those issues need not be addressed.